Mr. Burdett. Thank you, Your Honor. May it please the Court, I'm here on behalf of the appellant, David Wawrzynski, and we have a letter from the Court asking us to address the jurisdictional matters, so I thought I'd begin there. We certainly have never claimed that Mr. Wawrzynski had pled a complaint arising under the Patent Statute, so if the pre-AIA statute were to apply as it's interpreted under Holmes, I don't think that this Court would have jurisdiction. I think that we have to focus on the AIA stat version of 28 U.S.C.  H.J. HEINZ CO Well, what gives you the ability to say that? I mean, was the AIA effective when you filed your action here? H.J. HEINZ CO No. H.J. HEINZ CO In fact? H.J. HEINZ CO No. H.J. HEINZ CO On what premise would you say that the AIA applied to this case? H.J. HEINZ CO Thank you, Your Honor. I think that's exactly where I was going, in that the AIA became effective on September 16, 2011. This case became an issue arising under the Patent Statute when Heinz filed a counterclaim that involved very direct patent issues, and that was filed on September 28, 2011. So that passage of 12 days is very important, because I think the AIA indicates that Congress said, look, we don't want to throw open the doors like Holmes was very concerned about in terms of removing... H.J. HEINZ CO You looked at the AIA and their provision. We're talking about now what the effective date is. H.J. HEINZ CO Correct, Your Honor. H.J. HEINZ CO Well, have you looked at it? H.J. HEINZ CO Yes, I have. H.J. HEINZ CO I mean, the AIA says, and what I think the AIA says, so please tell me if I'm wrong, is that it applies to civil action commenced on or after the date of enactment  H.J. HEINZ CO Yes. H.J. HEINZ CO Is that different than you're saying? I mean, the civil action commenced before the passage of the AIA. H.J. HEINZ CO The civil action, the... H.J. HEINZ CO Yes, Your Honor. H.J. HEINZ CO I would say that... H.J. HEINZ CO And what is the basis for our rewriting the statute that way? H.J. HEINZ CO Your Honor, I believe that it is something that the interpretation, that Congress is saying that after that effective date, they want counterclaims that are filed with, that arise under the Patent Act to be, you know, to have...      H.J. HEINZ CO ...competitiveness. H.J. HEINZ CO So if you look at that provision, the new 1295A1, it talks about any civil action arising, and then it talks about where there's been asserted a compulsory counterclaim. But the effective date provision says civil action commenced. It doesn't reference the counterclaims though. I mean, I guess just as a matter of statutory construction, I'm having a hard time seeing... H.J. HEINZ CO The Court's role is to determine what the words of the statute must be fairly understood to mean. And I understand your concerns about that, but I think reading the entire statute as a whole, that Congress intended that after September, you know, 16th, 2011, that the jurisdiction over these counterclaims would come to this Court. This isn't, you know, falling under the difficulties of the whole... H.J. HEINZ CO So you're saying that under your view of the effective date, the AAA went into effect, this provision went into effect when counterclaims are filed past that date as opposed to whether the underlying civil action is filed? H.J. HEINZ CO Right. And I think that a good analogy there, Your Honor, would be a statute of limitations application. That, you know, if someone files a counterclaim, the statute of limitations doesn't begin running at the time that the complaint was filed. The statute of limitations is assessed as of the time that the counterclaim is filed. And I would point the Court to the case from the Sixth Circuit of static control components against Lexmark International. It's a Sixth Circuit case from 2012, 697F3-387. And that case interpreting Holmes and Christensen was talking about counterclaims that were filed prior to the enactment of the AAA. So it ultimately said this isn't a case that, you know, that this is a concept. But in interpreting it, and this I will admit is dicta, the Sixth Circuit's interpretation of the circumstances of a case may create a situation where an exclusive federal appellate jurisdiction would follow. And the Sixth Circuit is, in interpreting Holmes and Christensen in 2012, is saying that there are certain involving circumstances that we want to say, you know, yes, this would come before this Court. And I don't think that it runs afoul of the concerns that Holmes had in terms of interpreting a counterclaim as being conferring jurisdiction. Because Holmes was concerned about people using a counterclaim to get jurisdiction in this Court in order to, you know, then also use it for the purposes of removal jurisdiction. To basically... I think we'll figure it out. I think it would be helpful if you use your remaining time to discuss the merits in case we reach the merits. Thank you, Your Honor. And I think I'd want to begin, I think it's important to begin with the counterclaim at issue in this case. And whether or not the lower court had jurisdiction over it. Now, I know this seems like a bit of a finesse that I would first say that the counterclaim creates jurisdiction here, but that would be on the face of it. But then afterwards, we address the merits of it. And the merits of this counterclaim are that the Court did not have jurisdiction over the patent issues because Mr. Wozinski has never pled a complaint based on his patent. Okay, so let me just make sure I understand the play here. The counterclaims involve  That's correct, Your Honor. They moved to dismiss the validity piece of that, right? That was dismissed, so you don't take issue with that. I mean, that's my question. Do you take issue with that or simply with the non-infringement piece where you had a covenant not to sue? Well, the validity piece was certainly left... At the end of everything else, after all the decisions were made and all the dust had settled, the validity piece was basically said, yeah, we're not going to go after whether or not Mr. Wozinski's patent is invalid. So the validity piece, whether or not Hines is infringing on the 990 patent. The purpose is a patent law jurisdiction. It doesn't matter whether the issue is validity or infringement, right? Correct. So the fact that validity disappeared, we've still got a patent law counterclaim. It still arises under the patent law. Now, let me pick up where we were just talking about what is the nature of the play of the If I understand you, you're claiming or you're arguing that there is no patent issue in this case. That's correct. That's right. On the merits. Yes, Your Honor. If you win on the merits, we lose jurisdiction. Well, I... Isn't that true? I don't believe that's the case, Your Honor, because we have to look at the well-pleaded complaint rule, which is not based on... It's based on the allegations in the complaint to determine jurisdiction, or in this case, the counterclaim. It wouldn't be that if you lose, all of a sudden, the federal court has divested jurisdiction and then we kick cases back to state courts for redetermination. But it's not even if you lose here. I mean, in this case, your whole predicate, if you started to notice the incongruity between your arguments, your position with respect to the counterclaim is that the judge did not have jurisdiction. Correct, Your Honor, but it's for a different reason in that it does plead issues arising under the patent statutes. The counterclaim. The counterclaim. There is no issue with that at all. And your argument is that there were no patent issues in the case because your complaint didn't raise any. Correct, Your Honor. But was that the reason, or because of the covenant not to sue? Well, we... Our client signed the covenant not to sue. Because you mentioned the patent in your complaint. We certainly do mention the patent in the complaint. That would be to provide the court with a res geste. You know, there are references that Mr. Warzynski has made to Hines regarding his patent. However, Mr. Warzynski testified, uncontested by any evidence from Hines, and it's even supported by the documents, that Mr. Warzynski presented ideas that were separate and distinct from his 990 patent. And yes, we referenced the 990 patent in the complaint, but Mr. Warzynski raised the question of dual functionality. He presented to Hines, and he testified in his deposition, that he presented the idea of dual functionality and marketing ideas to Hines. Yes, but since you raised the patent in your complaint, which you acknowledge now that you did, and which the records support, they would have been foolish not to counterclaim against your patent, wouldn't they? You know, I'm not going to judge whether or not Hines or his attorneys were foolish or not, but I think that... Well, look at the face of it. We're not judging Hines' attorneys. We're judging the situation. You raise a patent issue in your complaint, they want to counterclaim on the patent issue, so what's wrong with that? Well, we then say that... Well, I thought your answer would be that you didn't raise a patent issue. We didn't raise a patent issue. We referenced the patent in our complaint. But if it's your view that you didn't raise a patent issue, then how can the invalidity and non-infringement be a compulsory counterclaim? Well, Your Honor, that's based on the text of the pleading itself, and Hines' position was that this is a counterclaim that is involving a patent, and now we disagree with that agreement, but I can't rewrite Hines' counterclaim. That's something that is, and I think Rule 13 speaks to this, that that is something that is on the basis of the pleader, it's based on the perspective of the pleader, not on the perspective of the person who's going to be pleading defenses thereto. Do you see any difference between a compulsory counterclaim if you had directly charged them as a counter to the complaint with infringement rather than saying, besides this is patented, and a declaratory judgment counterclaim arising out of the same operative facts as the other issues in your complaint? Well, Your Honor, I think that is a good distinction. However, I think it would go to the merits of Hines' counterclaim rather than to what their position was in the pleading itself. Their position is... In either case, your position is that upon your covenant not to sue, that takes care of the patent issues. Correct. And therefore, you'd like a trial of the other issues, whether it is a matter of unjust enrichment, I forget how it's claimed, that there was this disclosure of a suggestion, this idea, however it is, and it was improperly used without compensation. That wasn't reached, is that right? That's correct, Your Honor. And that there wasn't any analysis of what the information was that Mr. Warszynski presented to Hines versus what was presented in his patent. You don't challenge the jurisdiction of the district court since you were in there on diversity, is that right? Correct, that's absolutely correct. The district court's going to keep jurisdiction. The only question is whether the district, as I understand it, the only question you're fighting over is whether the district court should have addressed the patent issues at all, either because you alleged you didn't raise them even though you may have in passing mentioned the existence of a patent, or in any event, you took them out of the case subsequently by your covenant not to sue. So what you're asking us to do, if I understand it, is you want us to remand this to the district court and say to the district court, forget the patent issue, deal with the state issue. Yes, Your Honor. That's where you are. That is where we are. That is correct, Your Honor. If we were to, just one quick question, if we were to decide that the, under the jurisdiction question, if we were to decide that the AIA was triggered, was not triggered, the new provision was triggered by the date of the telephony, which would give the court jurisdiction, presumably, over a counterclaim, assuming that's what they want. That would be new law. There's no precedent for that. Is that right? I have not found anything either way, Your Honor, on that. Yes, that's correct. But it could theoretically affect a large number of cases, right? Well, it would only be cases straddling the date of the AIA. For example, in the static control case from the Sixth Circuit, the counterclaims were filed prior to that September 16th date. So this isn't, you know, the Holmes case was concerned about people removing all sorts of state jurisdiction to the, to federal courts by saying that, well, if a counterclaim can create jurisdiction in this case, prior to the initiation of the statute. And this is not the case. This is, Congress said, we want to ensure that counterclaims involving patents come before this court for appellate purposes. They didn't change the removal basis for under 1338 to the extent that I understand it. Have you submitted anything in writing to us on the jurisdictional argument that you've just been making? I have not, Your Honor. If we need it, we can ask for further briefing. We'll have to see if we need it. Let's hear from the other side. Thank you, Your Honor. Mr. Byer. Thank you, Your Honors. And may it please the Court, I'm Robert Byer, representing the Hines-Appelees. We agree that jurisdiction is proper in this court, but for a different reason. And let me give the Court a different analysis. We believe that the pre-AIA version of the jurisdictional statutes is what has to apply here. So then the question becomes, what is the basis for this case being here under Section 1295? That depends upon whether the district court could have exercised jurisdiction in part under Section 1338, and we believe that to be the case, and I will explain why. It was not H. J. Hines Company that injected the patent issue into the case. As Judge Plager observed, the complaint is replete with references to the patent. Indeed, if you took the patent out of this complaint, it would not state any claim at all. If we look at the complaint beginning with, and here we're talking about the First Amendment, it's a presented complaint. But does your argument depend on whether there are any other claims other than the patent issue? Well, we think in this respect the jurisdictional question and the preemption question have a congruence. Well, appellate jurisdiction is what we're talking about. But the appellate jurisdiction, we believe, depends upon the... since we're under the pre-AIA version of the statute... Your counterclaim wouldn't give us jurisdiction. That's correct. But our counterclaim standing alone would not give you jurisdiction. That's us, but not the district court. Right? I agree with you. The way this court has jurisdiction is because although this case was removed on the basis of diversity, jurisdiction under 1338 does not have to be exclusive. It can be jurisdiction in part. This complaint beginning with paragraph 30 in reference... If it's under 1338, it's not us. No, if it's under 1338, that's the district court. But the basis for this court's jurisdiction under 1295 as a patent case, as a patent appeal, would depend upon whether the district court could have had jurisdiction under 1338. Because that's the way the pre-AIA version of section 1295 is worded. It claims that with respect to which the district court had jurisdiction in whole or in part under 28 U.S. Code section 1338. So you're saying even in the absence... Even in the absence of the counterclaim and even applying the pre... That the jurisdiction doesn't come under the counterclaims because you construe his complaint as being... And not only do we construe it that way, two district judges read this complaint as effectively stating a claim for patent infringement because... Thank you, Judge. I wasn't following him on that. You're basically saying forget the counterclaim. Forget the counterclaim. He brought the patent into the court and we have jurisdiction over this whole mess. As a result of that. The way this... But if we don't agree with you that he brought the case as a patent case, he used the patent as an example of how his state law claims arose because he actually gave you something other than a patent and you're dipping. Then where are we? Under that circumstance you might have to transfer the case to the Third Circuit for the Third Circuit to rule on the preemption issue. But we think the jurisdictional and preemption issues are congruent in this case. Again, to use a little turn of the phrase Judge Prost used in referring to the incongruence of the plaintiff's argument. If we look at... Paragraph 33 of the first amendment complaint the plaintiff talks about this being a case involving his idea for a new condiment package called the Little Dipper and then refers to the patent. Every reference throughout this complaint to what the plaintiff is suing over is over Hines' allegedly taking this new idea for condiment package, the Little Dipper... At least part of it, you have to agree was not the idea for doing it but the idea for marketing it. Ideas for marketing would not necessarily or likely fall apart. Ideas for marketing would not necessarily be separable, would not necessarily be a patent infringement claim but the way this complaint is pleaded, I don't know how you separate the two because it was always the idea of relating to this new idea using it, marketing it but the two are really joined at the hip the way this complaint is pleaded. Why can't he sue your company for stealing his idea as a state law claim even if it's patented? Why does it matter whether his idea was patented by him or not? He's saying, you didn't steal my patent, you didn't entrench my patent, you stole my idea which was for this marketing out of it. What's the matter with that? That would be establishing a state law system of protecting patented inventions. No, protecting ideas confidential disclosures, all of that is all traditional, classical state law. But that's not what's pleaded here. That's not what's pleaded in this complaint. It's got everything in this complaint. That's what he says he intended to plead. But it's not pleaded and that's the point whether he intended it or not After Iqbal and Twombly Let's say that we don't agree that it's not pleaded that he hasn't pleaded some kind of misappropriation of idea separate from what's patented. Your position is that when the district court disposed of the matter on the patent issue nothing was left. When the district court disposed of the patent issue, nothing was left because the district court is saying that everything that wasn't arguably related to the patent was preempted as a result of the patent and under this complaint as pleaded, that conclusion by the district court manifestly is correct under this court's precedent. I'm sorry maybe this is not very alert, but why do you even if he issues does a covenant not to sue in other words, he's not going to sue you for infringement then what, did you move to dismiss the complaint on the basis that your view was that it alleged infringement and now you've got the covenant not to sue so the whole complaint is moved. We moved to dismiss the complaint on the basis of preemption. The covenant not to sue was injected into the complaint after we did that and that was with respect to the counterclaim and our position was that actually conflicts with the complaint it becomes a non-sequitur at this point because it's a covenant not to sue for infringement which was the only issue remaining under the patent law well, if there is a mootness here, my point is we expressed this in our response to the Rule 28 J letter, the mootness would affect the entire case it moots the plaintiff's claim, not just the counterclaim if there's a covenant not to sue and assuming that the district court correctly well, you're right, but all that is predicated on our reading the complaint as exclusively limited to an issue of infringement, an allegation of infringement or stating, it doesn't have to be exclusive but if it states an issue of infringement that's what the court needs for jurisdiction and then the question is can there be any state law claims that exist beyond that that are not preempted as a result of the ultra-precision case under your theory, once he gave you that covenant not to sue you should have said thank you and walked out the court well, but the plaintiff was attempting to continue to maintain their claims at that point I would agree that logically the entire case should be over once there's a covenant not to sue given that there is nothing else pleaded in this complaint that was misappropriated other than the little dipper right and that is the patent the district court construed that as attempting to claim under state law an action to enforce an idea that is protected by patent help me understand one thing about the play in this case if we should think that he managed in that complaint to raise some kind of state law claims as Judge Newman has articulated then where do we go what happens next if the state law claim is there and is not preempted but the court construes the remainder of this complaint as being out the window because for whatever reason I guess there would be a remand to the district court to proceed with the case under its diversity jurisdiction unlimited to the state law claim and the patent issues have gone away the patent issue they have disclaimed by filing a covenant not to sue and admitting that there's no infringement so one alternative is for us to remand it to the district court rather than ship it over to the third circuit if this court holds that part of this claim survives preemption and that this court has jurisdiction because of the way this complaint was pleaded to get there we would have to decide the preemption issue you would have to decide the preemption issue in order to decide the jurisdictional issue does this complaint plead based on its facts if you take out if we say no it's not limited just to patent law if we say he managed somehow to squeeze in enough to get a state law claim and if we say your counterclaim was barred by pre AIA then there's nothing left in the case except his state law claims if the court finds preemption well it depends on whether the court finds that part of the claim was preempted in other words given Judge Prost's comment about marketing I suppose it is possible if I'm reading where Judge Prost was asking her question to separate out the concept of the new method of condiment packaging from the idea of how to market that I don't think you can do that the way this complaint is pleaded I don't think they're separable that way but if the court separated them in that manner this court could hold that the new idea of condiment packaging any claims related to supposedly giving Heinz an idea on that basis is preempted but claims based on marketing would not be that would be one possibility by the way I'm told whether it was Heinz's idea or their idea that that new thing is a nifty idea it's a very nifty idea I haven't tried it yet but I'm told it's really nifty but Heinz has been working on that since a patent in the Netherlands in 2000 but we're way beyond the issues in this case that clearly isn't covered by his patent no but what we do have is an attempt to enforce his patent in the guise of a state law claim and again if you took out the claims here the counts dealing with breach of implied contract and unjust enrichment all of which refer back to the little dipper as defined in paragraph 33 all of them refer to the new idea for condiment packaging if you take those out and say therefore H.J. Heinz company is liable for patent infringement it would be an article but it would survive 12b6 based on the facts as pleaded that's why we believe that this court has jurisdiction why the district court correctly construed the case as being in essence an attempt to assert the patent and why as a result of the attempt to claim more than is protected under the patent laws of the United States the claims under state law are preempted and under your understanding even if he had withdrawn or amended his complaint a subsequent date is the district court jurisdiction based on the original complaint yes your honor I believe that the jurisdiction is dependent on the original complaint and in this respect there is no pardon me your honor I thought it was diversity that gave the district court jurisdiction only on removal we removed the notice of removal was on the basis of diversity frankly we were looking at the low hanging fruit that was obvious that there was diversity jurisdiction so nobody has ever determined the district court didn't assume jurisdiction the district court didn't discuss anything dealing with its own jurisdiction because there was no need to he assumed he had jurisdiction yes and he thought there was a patent case well and because of diversity and two different district court judges read this complaint as effectively stating a patent claim and that's why they applied preemption thank you thank you very much anything else Mr. Byer thank you Mr. Byer Mr. Burdett thank you the 990 patent is a method patent it isn't a device patent it doesn't lay out the specific design for anything at all it is a very narrowly construed method patent that involves someone taking a french fry dipping it in and as you pull the french fry with ketchup out it pulls the excess out so you don't get any on your shirt why didn't you just amend your complaint somewhere down the road to simplify things well we thought that the covenant not to sue and Mr. Warzynski's testimony and his deposition that was uncontested by Heinz would be sufficient to establish that what we were pleading the new ideas that were specifically laid out they had the defense of preemption that never went away well that defense of preemption should have never been applied because the ideas that Mr. Warzynski presented to Heinz in that meeting on April 28, 2008 were not the ideas laid out in the 990 patent he said that expressly Heinz has never contested that Heinz has only said that on the basis of some disparately connected statements in the complaint that the only thing that Mr. Warzynski could have presented to Heinz were the ideas in the 990 patent that Mr. Warzynski when he testified saying that he presented other ideas that he presented the dual functionality that makes it such a nifty product well let me ask if he's right that the covenant if the covenant not to sue had any meaning so it's a recognition on your part that at least initially the complaint could have arguably had some reference to infringement and the patent and if that is correct then why is Mr. Beyer not correct that the district court initially is the one that had jurisdiction that our jurisdiction flows from her jurisdiction well I believe that it's not it just wasn't a patent case I think the covenant not to sue was issued because Judge McFerry relying only on the pleadings in his March 6th opinion said those ideas as pledged in the amended complaint were plaintiff's patented method for food dipping he didn't cite anything when he made that statement on page 9 of his opinion but Mr. Warzynski then said we better clear this up we better make sure that they understand that we're not suing them for this patent we reference the patent because it's part of this case Mr. Warzynski owns a method patent he referenced it in correspondence and it would be disingenuous for us not to reference it that doesn't mean though that the little dipper is solely embodying that method that's in that patent Mr. Warzynski testified it wasn't the patent was issued in 1997 he met with Hines in 2008 Hines' position would be that inventors that come up with ideas don't evolve or don't come up with new ideas can't present anything else other than what would be in their patent and that's not the tenor of the complaint at all and the idea is that based on what Judge McFerry said and then he transferred to Judge Schwab and Judge Schwab ignoring this court's lesson from EPAS that said you have to look at new evidence you can't simply just say simply because what Judge McFerry said is exactly what Judge Schwab needs to do the EPAS decision says law of the case doesn't work that way when you're presented with a more complete motion you need to look at all that evidence and all Judge Schwab did with that evidence Mr. Warzynski's uncontested sworn deposition testimony the documents from Hines and he didn't really even look at the patent to compare the claims and what's protected in the patent to what Mr. Warzynski was saying that conclusion he should have looked at all that and if you look at that record on the De Novo review that is the standard then this court should conclude that this case wasn't preempted Any more questions? No Thank you Thank you Mr. Burdett, thank you Mr. Beyer the case is taken under submission that concludes the argued cases for this morning Thank you